

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00132-CR

RENE SALAS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 49th District Court
Webb County, Texas
Trial Court No. 2023CRD000242D4

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Rene Salas entered an open plea of guilty to the first-degree-felony offense of aggravated assault of a public servant.[1]  After a punishment trial, a Webb County jury assessed a sentence of thirty years' imprisonment.  Salas appeals.[2]

Salas's attorney filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal.  The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings.  Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*.  *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).  Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On December 4, 2023, counsel mailed to Salas copies of the brief, the motion to withdraw, and a motion for pro se access to the appellate record lacking only Salas's signature. Counsel informed Salas of his rights to review the record and file a pro se response.  By letter dated December 4, this Court informed Salas that his motion for pro se access to the appellate record was due on or before December 19 and later granted a motion for extension of time to file

---

[1]*See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b)(2)(B) (Supp.).

[2]Originally appealed to the Fourth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.).  We follow the precedent of the Fourth Court of Appeals in deciding this case.  *See* TEX. R. APP. P. 41.3.

the motion until December 29.  On January 9, 2024, this Court further informed Salas that the case would be set for submission on the briefs on January 30.  We received neither a pro se response from Salas nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous.  We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment.  *Id.*

We affirm the judgment of the trial court.[3]

Charles van Cleef
Justice

Date Submitted:     January 30, 2024
Date Decided:        February 16, 2024

Do Not Publish

---

[3]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case.  *See Anders*, 386 U.S. at 744.  No substitute counsel will be appointed.  Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.